# UNITED STATES DISTRICT COURT

_____Eastern_____ District of _____Michigan_____

UNITED STATES OF AMERICA

v.

__LAMONT SAPP__
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 07-20418

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☒ clear and convincing evidence ☒ a preponderance of the evidence that

_____

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

4/30/2013
*Date*

*Signature of Judge*

U.S. Magistrate Judge Mona K. Majzoub
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Lamont Sapp Order of Detention

Defendant was convicted of Theft From a Federal Firearms Licensee and Aiding and Abetting and on June 10, 2008 was sentenced to 45 months incarceration to be followed by a three year term of supervised release beginning on September 15, 2011.

Defendant is reported by his supervising officer to have absconded as of April 2012, as his last report date was March 2012. Defendant furthermore has failed to provide monthly written reports as of March 2012. Defendant has had no contact with his supervising officer of any kind since March 2012.

Furthermore the probation officer was informed by the offender's family members that he had moved from 19526 Cranbrook in Detroit. Defendant failed to notify the probation officer that he had moved from his residence. All attempts to contact the offender were unsuccessful and his whereabouts remained unknown until he was arrested in October 2012. At the time of his arrest he was found to be in possession of a .38 caliber revolver and marijuana and cocaine.

Defendant requests a bond pending his May 16, 2013 hearing before Judge Patrick Duggan on the alleged violations of conditions of his supervised release.

The government argues that Defendant poses a risk of flight and that he is a danger to the community, based upon the facts and circumstances of his new arrest while on supervised release.

The Court agrees that Defendant's 12 month absconder status renders him a risk of flight. His failure to follow the conditions of his supervised release, specifically his failure to check in with his probation officer on a monthly basis combined with his failure to file monthly reports for a year, gives the Court no assurance whatsoever that Defendant would be compliant with conditions of bond pending his hearing before Judge Duggan. The Court also finds that Defendant poses a danger to the community, as he was found to be in possession of illegal narcotics (marijuana and cocaine) and a .38 caliber revolver at the time of his arrest.

There is no condition or combination of conditions that would assure Defendant's appearance in Court or the safety of the community. Therefore Detention is Ordered.